## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 24-318 (BAH) |
| KENNETH GIUSINI, | Judge Beryl A. Howell |
| Defendant. | |

### <u>MEMORANDUM AND ORDER</u>

The United States government moves to dismiss, with prejudice, the one-count Information, ECF No. 17, against defendant Kenneth Giusini.  Gov't's Mot. to Dismiss Indictment [sic] with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a) ("Gov't's MTD"), ECF No. 37.  This defendant, by his own admission, entered the U.S. Capitol Building as part of the riots and joined other rioters, multiple times, in "obstructing, impeding, and interfering" with law enforcement officers trying to clear and secure the Building.  Joint Status Report ¶¶ 9-12, ECF No. 19.

Notwithstanding defendant's admission of his criminal conduct directed toward law enforcement officers, for the reasons explained below, the government's motion is granted in part and denied in part, and the pending Information against defendant is dismissed without prejudice.

## I.    BACKGROUND

Defendant in this case admitted, under oath and with the advice of counsel, his criminal conduct at the U.S. Capitol on January 6, 2021.  *Id.*; *see also* Min. Entry (Aug. 15., 2024).  Specifically, defendant admitted traveling from Philadelphia to Washington, D.C., on January 5, 2021, attending President Trump's rally at the Ellipse the next morning, and then walking to the Capitol.  Joint Status Report ¶ 8.  Upon reaching the Capitol, defendant made his way to the North

1

Terrace of the Capitol and then entered the building through the north door and promptly encountered a line of law enforcement officers blocking defendant and other rioters from moving further into the building. *Id.* ¶ 9. Shortly thereafter, when law enforcement officers attempted to clear defendant and other rioters out of the Capitol Building, defendant admitted that he "obstruct[ed], imped[ed], and interfer[ed]" the officers two separate times, doing so once, moving away from the officers, and then re-approaching the line to continue the obstruction. *Id.* ¶ 10. Specifically, as law enforcement officers attempted to expel rioters from the Capitol Building, defendant added his force by pushing against a fellow rioter to help resist the efforts of law enforcement to secure the building. *Id.* In the scuffle of resistance to law enforcement officers, the government additionally alleged that defendant made direct physical contact with at least one law enforcement officer, which allegation defendant contests. *Id.* ¶ 11.

Despite the government expending significant time and resources to identify defendant, investigate his criminal conduct, and file both a criminal complaint, ECF No. 1, and Information with formal charges, ECF No. 7, against him, the government now seeks to dismiss the pending Information against defendant under Federal Rule of Criminal Procedure 48(a), *see* Gov't's MTD.

## II.     DISCUSSION

Courts have limited power when the federal government decides to stop prosecuting a criminal defendant. *See, e.g.*, *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (recognizing the government's broad prosecutorial discretion); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (recognizing same prosecutorial discretion in "decisions to dismiss pending criminal charges"). At the same time, the Supreme Court and D.C. Circuit have both recognized that the "leave of court" requirement in Rule 48(a) "obviously vest[s] some discretion in the court." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Ammidown*,

497 F.2d 615, 620 (D.C. Cir. 1973) (noting that this rule "gives the court a role in dismissals following indictment"). This discretion is granted in part to "guard[] against abuse of prosecutorial discretion." *Ammidown*, 497 F.2d at 620. To ensure that the government's request for dismissal of criminal charges "sufficiently protects the public," the government may be required to submit "a statement of reasons and underlying factual basis," which must be "substantial" to justify the dismissal and not "a mere conclusory statement." *Id.*

Here, the government's cursory motion provides *no* factual basis for dismissal. Instead, the single paragraph explanation included in the one-page dismissal motion cites "as the reason for this dismissal," only a presidential proclamation "dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021." Gov't's MTD at 1. This cited proclamation, *inter alia*, directs the Attorney General "to pursue [the] dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." *See* PROCLAMATION, (Jan. 20, 2025) (capitalization in original), available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. The only reason provided for this instruction, as set out in the proclamation's introduction, is the assertion that this action "ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation." *Id.*

No "national injustice" occurred here, just as no outcome-determinative election fraud occurred in the 2020 presidential election. No "process of national reconciliation" can begin when sore losers, whose preferred candidate loses an election, are glorified for disrupting a

constitutionally mandated proceeding in Congress and doing so with impunity. That merely raises the dangerous specter of future lawless conduct by other sore losers and undermines the rule of law. Yet, this presidential pronouncement of a "national injustice" is the sole justification provided in the government's motion to dismiss the pending Information. *See* Gov't's MTD.

Having presided over scores of criminal cases charging defendants for their criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, which charges were fully supported by evidence in the form of extensive videotapes and photographs, admissions by defendants in the course of plea hearings and in testimony at trials, and the testimony of law enforcement officers and congressional staff present at the Capitol on that day, this Court cannot let stand the revisionist myth relayed in this presidential pronouncement. The prosecutions in this case and others charging defendants for their criminal conduct at the U.S. Capitol on January 6, 2021, present no injustice, but instead reflect the diligent work of conscientious public servants, including prosecutors and law enforcement officials, and dedicated defense attorneys, to defend our democracy and rights and preserve our long tradition of peaceful transfers of power—which, until January 6, 2021, served as a model to the world—all while affording those charged every protection guaranteed by our Constitution and the criminal justice system. Bluntly put, the assertion offered in the presidential pronouncement for the pending motion to dismiss is flatly wrong.

Still, the D.C. Circuit has cautioned that a district court judge has "no power" "to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." *Fokker*, 818 F.3d at 742; *id.* at 737 ("It has long been settled that the Judiciary generally lacks authority to second-guess those Executive determinations, much less to impose its own charging preferences."). Despite finding that the sole reason relied upon by the

government to dismiss the charges in this case—*i.e.*, an incorrect assertion in the presidential proclamation—is neither substantial nor factually correct, the government's view of the public interest does not clearly fall within the types of reasons found to provide legitimate grounds to deny the government's Rule 48(a) motion to dismiss charges. *See United States v. Flynn*, 507 F. Supp. 3d 116, 130-31 (D.D.C. 2020) (collecting examples where a government motion to dismiss should be denied as not serving "legitimate prosecutorial interests," because the motion "was a sham or deception," "was based on 'acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled,'" or was meant to favor "politically well-connected individuals" (citations omitted)). Therefore, the government's motion to dismiss the Information is GRANTED.

Nothing about the government's reasoning for dismissal warrants entry of dismissal with prejudice, however. Dismissal with prejudice is a complete adjudication of the matter and would bar any further prosecution of defendant for his offense conduct at issue. *See Brown v. Amtrak Corp.*, No. 03-7003, 2003 WL 22433755, at *1 (D.C. Cir. Oct. 27, 2023) ("A dismissal 'with prejudice' is a final judgment on the merits which bars further litigation between the same parties." (citing *Bd. of Trs. of the Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1489 n.20 (D.C. Cir. 1996))); *Reed v. Farley*, 512 U.S. 339, 368 (1994) (Blackmun, J., dissenting) ("The dismissal with prejudice of criminal charges is a remedy rarely seen in criminal law, even for constitutional violations."). This result would be improper here, where the conduct admitted by defendant provides ample basis for criminal prosecution. *See also Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015) (noting that dismissal with prejudice "reflect[s] on the merits of the underlying action" (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. Cir. 1986), and citing *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015)). Instead,

the government's reliance on a policy assertion made in the presidential proclamation that such prosecutions should not be continued warrants only "render[ing] the proceedings a nullity and leav[ing] the parties as if the action had never been brought," *Magliore v. Brooks*, 844 F. Supp. 2d 38, 46 (D.D.C. 2012) (quoting *Thoubboron*, 809 A.2d at 1210), which is achieved by granting the government's motion to dismiss *without* prejudice, *see id.*

## III.    CONCLUSION AND ORDER

For the reasons above, the government's motion to dismiss, ECF No. 37, is granted to the extent that the Information, ECF No. 17, against defendant is dismissed, but denied as to the request that this dismissal be "with prejudice."  Accordingly, it is hereby—

**ORDERED** that the Information against defendant, ECF No. 17, is dismissed without prejudice; it is further

**ORDERED** that the sentencing hearing scheduled for February 7, 2025, as well as all other deadlines currently pending in this case, are **VACATED**; it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Date:  January 23, 2025

_____
**BERYL A. HOWELL**
United States District Judge